UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ANNE HARRIS, | Case No. 2:24-cv-0253-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF SOCIAL SERVICES OF LINCOLN COUNTY, *et al.*, | |
| Defendants. | |

Amanda Anne Harris ("plaintiff") bring this action against the Department of Social Services of Lincoln County ("DSSLC"), a county defendant located in North Carolina, and numerous employees of DSSLC. She also sues her half-sister, Bonnie Manning, and Manning's boyfriend. Plaintiff alleges that defendants illegally abducted her children and put them up for adoption in North Carolina. I find that this action, insofar as it implicates a North Carolina state court decision and issues of child custody, should not proceed in this court. I will dismiss the complaint with leave to amend and give plaintiff one opportunity to file an amended complaint that explains why this action should proceed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants obtained, with fraudulent evidence, a state court decision in North Carolina that enabled them to obtain custody of her children. ECF No. 1 at 14-17. Federal courts do not have jurisdiction to resolve disputes over child custody; that power resides in state courts. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court . . ., divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[T]he federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and *a fortiori*, rights of

1  visitation. For that matter, the whole subject of domestic relations and particularly child custody

2  problems is generally considered a state law matter.") (internal citations and quotation marks

3  omitted). This is true even when, as here, jurisdiction is invoked on the basis of diversity. *See*

4  *Bailey v. MacFarland*, 5 F.4th 1092, 1095-96 (9th Cir. 2021). If plaintiff believes the judgment

5  of the North Carolina state court that deprived her of custody was erroneous, she should bring her

6  challenge before that court system.

7      I will dismiss the complaint with leave to amend so that plaintiff may have one

8  opportunity to explain why this action should proceed in this court. The amended complaint

9  should be entitled "First Amended Complaint." Plaintiff is advised that the amended complaint

10  will entirely supersede its predecessor and must be complete in itself.

11      Accordingly, it is hereby ORDERED that:

12      1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

13      2. Within thirty days from service of this order, plaintiffs shall file either (1) an amended

14  complaint or (2) notice of voluntary dismissal of this action without prejudice.

15      3. Failure to timely file either an amended complaint or notice of voluntary dismissal may

16  result in the imposition of sanctions, including a recommendation that this action be dismissed

17  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

18      4. The Clerk of Court shall send plaintiff a complaint form with this order.

19      5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

20

21  IT IS SO ORDERED.

22

23  Dated:   August 21, 2025                   */s/ Jeremy Peterson*

                                          JEREMY D. PETERSON

24                                           UNITED STATES MAGISTRATE JUDGE

25

26

27

28